IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-24773-KING

REBECCA PETTIT,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment (DE 9), filed May 8, 2015.[1] Defendant moves for summary judgment on the basis that Plaintiff filed her Complaint (DE 1), which states a claim for personal injury due to Defendant's alleged negligence, outside of the one-year statute of limitations provided for by Plaintiff's ticket contract. In response, Plaintiff argues that the limitations period should be equitably tolled, and that genuine disputes of material facts preclude the entry of summary judgment.

### BACKGROUND

The following facts are undisputed:

Plaintiff was a passenger aboard the Carnival *Breeze* when she was injured in a slip-and-fall incident on September 24, 2013. Prior to embarking on *Breeze*, Plaintiff

---

[1] The Court has additionally considered Plaintiff's Response in Opposition (DE 24), filed June 24, 2015, and Defendant's Reply in Support (DE 16), filed July 1, 2015.

1

completed a Guest Ticket Contract Acknowledgement, in which she "affirm[ed] that [she] viewed and [] had an opportunity to read all the terms and conditions as stated in the contract and that [she] underst[ood] and accept[ed] all such terms and conditions." The ticket contract contains both a forum selection clause, naming the Southern District of Florida as the appropriate venue for this action, and a statute of limitations, which provides that any claim for personal injury "shall not be maintainable unless filed within one year after the date of injury."

On September 12, 2014, only twelve days before the deadline under the one year statute of limitations, Plaintiff filed suit in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Plaintiff did not serve Defendant until nearly two months later, on November 11, 2014. Defendant timely filed its first and only responsive pleading on December 1, 2014, in which Defendant moved to dismiss the state court action based on the terms of the forum selection clause contained in the ticket contract. Thereafter, on December 17, 2014, Plaintiff filed her Complaint before this Court.

## STANDARD ON SUMMARY JUDGMENT

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or showing that materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). "In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine material fact and that it is entitled to judgment as a matter of law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Further, the existence of a "scintilla" of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, a court need not permit a case to go to a jury when the inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Matsushita*, 475 U.S. at 592-94; *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case.

3

*Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The Court must also determine whether the dispute about a material fact is indeed genuine, that is, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see, e.g., Marine Coatings of Ala., Inc. v. United States*, 932 F.2d 1370, 1375 (11th Cir. 1991).

## DISCUSSION

Plaintiff concedes that this action was filed outside the statute of limitations to which the parties bound themselves in the ticket contract. Attempting to side step this obvious defect in her Complaint, Plaintiff asks the Court to equitably toll the statute of limitations, claiming genuine issues of material fact exist as to whether Defendant's conduct "inequitably caused the Plaintiff not to file suit in federal court." Enumerating these issues, Plaintiff claims that Defendant: 1) failed to notify Plaintiff of its intention to enforce its forum selection clause, and 2) has repeatedly waived its defense of improper venue for claims under the $75,000 amount-in-controversy threshold of 18 U.S.C. § 1332.

> Equitable tolling refers to the doctrine that permits a court to toll a statute of limitations where the court finds that an inequitable event has prevented plaintiff's timely action. Examples of inequitable events include cases where the defendant misleads the plaintiff into allowing the statutory period [to] lapse, where plaintiff has no reasonable way of discovering the wrong perpetrated against him or her, or where plaintiff timely files a technically defective pleading, but in all other respects acts with the proper diligence that the limitation period is intended to insure.

*Psurny v. Royal Caribbean Cruises, Ltd.*, 926 F. Supp. 2d 1325, 1328-29 (S.D.

Fla. 2013) (Ungaro, J.) (citing *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). The burden is on the plaintiff to demonstrate that equitable tolling is appropriate, and equitable tolling is not available to a plaintiff who fails to bring suit in a timely fashion despite knowing that the limitations period is running. *Id.* at 1329.

Upon consideration, the Court finds that equitable tolling of the statute of limitations would be inappropriate. The forum selection clause clearly states that all disputes shall be litigated in the Southern District of Florida unless it is a claim over which the federal courts of the United States lack subject matter jurisdiction. Defendant is not alleged to have taken any action in this case which would have suggested to Plaintiff that Defendant was waiving the forum selection clause in the ticket contract, and claims in admiralty are not subject to section 1332's amount-in-controversy requirement. Moreover, Plaintiff filed her state court action only twelve days before the running of her contractual statute of limitations, and failed to serve her complaint upon Defendant for nearly sixty days thereafter. Accordingly, the fact that Plaintiff initially filed her claim in state court, and that Defendant moved to dismiss Plaintiff's state court action on the basis of improper venue only after the statute of limitations had run, was a product of "garden variety" negligence on the part of Plaintiff's counsel. *See Crist v. Carnival Corp.*, 410 F. App'x 197, 203 (11th Cir. 2010).[2] Thus, Plaintiff has failed to carry her burden of showing inequitable conduct on the part of Defendant sufficient to justify the

---

[2] *Crist* is an unpublished decision, which the Court considered as non-binding but persuasive authority. *See* 11th Cir. R. 36-2.

5

extraordinary remedy of equitable tolling.

## CONCLUSION

After careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion for Summary Judgment **(DE 9)** be, and the same is, hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, in Miami, Miami-Dade County, Florida, this 10th day of August, 2015.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:** **All counsel of record**